**FILED**

**March 03, 2026**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MANUEL ALBERTO RODRIGUEZ
LIZA, A # 240 199 112, BY NEXT
FRIEND NAISI RIOS NIEVES,

      **Petitioner,**

**v.**

KRISTI NOEM, Secretary, Department of
Homeland Security, ET AL.,

      **Respondents.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**SA-26-CV-01303-OLG**

## SHOW CAUSE ORDER

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Naisi Rios Nieves as "next friend" on behalf of Manuel Alberto Rodriguez Liza. (Dkt. No. 1). Rodriguez Liza is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders Nieves, for the reasons stated herein, to show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Rodriguez Liza's release from detention, was filed on his behalf by his wife, Nieves, as "next friend." (Dkt. No. 1). However, next–friend standing is available only when the "real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Nieves has not demonstrated standing to initiate this action on behalf of Rodriguez Liza. (Dkt. No. 1).

Nieves seems to contend she has standing as "next friend" based her marital relationship with Rodriguez Liza and because he has hypertension. (*Id.*). The Court finds Nieves does not state any legal basis that would support a finding of "next friend" standing. (*Id.*). There are no assertions

establishing Rodriguez Liza is unable to initiate a habeas proceeding on his own behalf. (*Id.*); *see Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that Rodriguez Liza, by mere virtue of his detention, lacks access to this Court. He has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Nieves could establish standing to bring this action as "next friend" on behalf of Rodriguez Liza, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading

filed by Jack Painter on behalf of Richard Painter."). Thus, Rodriguez Liza may represent himself in this matter, but he may not be represented by Nieves, a non–attorney; rather, Rodriguez Liza must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Naisi Rios Nieves must show cause why this case should not be dismissed.

**If Naisi Rios Nieves fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Manuel Alberto Rodriguez Liza at the Karnes County Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Naisi Rios Nieves by certified mail, return receipt requested, at the following address: 15433 FM 1325, Apt. 536, Austin, Texas, 78728.

It is **SO ORDERED**.

**SIGNED** this 3rd day of March, 2026.

_____
ORLANDO L. GARCIA
United States District Judge